J-S45028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN NOEL JESSEE | |
| Appellant | No. 1520 MDA 2014 |

Appeal from the Judgment of Sentence of August 27, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0003413-2013

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 31, 2015**

Stephen Jessee ("Jessee") appeals the judgment of sentence entered on August 27, 2014.  While we find Jessee's claim on appeal unavailing, we are constrained by recent precedent to vacate Jessee's judgment of sentence and to remand for resentencing.

On February 8, 2013, Sergeant Lisa Layden interviewed K.W. at the York County District Attorney's Office.  During that interview, K.W. reported that her stepfather, Jessee, had sexually abused her on numerous occasions. K.W. reported that Jessee began having sexual contact with her when she was fourteen years old, and that the two had sexual intercourse when she was approximately fifteen years old.  Specifically, K.W. stated that the

---

[*]     Former Justice specially assigned to the Superior Court.

sexual intercourse took place at the family's home in Spring Grove, Pennsylvania and also in a trailer at Conewago Isle Campground in Dover, Pennsylvania. K.W. further explained that she and Jessee have a daughter together, that the two shared custody of the child, and that she was concerned for her daughter's safety.

On April 5, 2013, Sergeant Layden filed a criminal complaint charging Jessee with involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors.[1] On May 8, 2013, K.W. testified at Jessee's preliminary hearing before Magisterial District Judge Thomas Reilly. K.W.'s testimony tracked the statement that she had given to Sergeant Layden earlier. K.W. testified that Jessee "sexually molested [her] from age 14 until [she] was 17." Preliminary Hearing Transcript, 5/8/2013, at 5. K.W. also testified that she and Jessee had sexual intercourse at the family's home in Spring Grove, Pennsylvania when she was fourteen years old. *Id.* at 5-6.

On March 31, 2014, Jessee proceeded to a jury trial. On that same day, the Commonwealth called K.W. as a witness. K.W. contradicted her earlier statement to police and her preliminary hearing testimony, and testified that she and Jessee did not have sexual contact until she was seventeen years old. The Commonwealth then proceeded to question K.W.

_____

[1] 18 Pa.C.S. §§ 3123(a)(7), 3122.1, 3125(a)(8), 3126(a)(8), and 6301(a)(1), respectively.

about her prior inconsistent testimony, which she had given at Jessee's preliminary hearing:

> **Q:** So at [the preliminary hearing] you indicated that you were 14 when this began, is that correct?
>
> **A:** Yes.
>
> **Q:** Okay. And was that the truth? Were you under oath when you indicated that?
>
> **A:** Yes.
>
> **Q:** And today you are testifying that this happened when you were 17 1/2?
>
> **A:** Yes.
>
> **Q:** Why did you say 14 at the time?
>
> **A:** At the time I had believed what others had told me.
>
> **Q:** You had believed what others had told you?
>
> **A:** Yes.
>
> **Q:** And who else was telling you something?
>
> **A:** My ex-boyfriend and my grandmother.
>
> **Q:** What did they tell you?
>
> **A:** They told me that [Jessee] had been having sex with me since I was 14, and I believed it.
>
> **Q:** Okay. So you don't remember having sex?
>
> **A:** No.

Notes of Testimony ("N.T."), 3/31/2014, at 75-76.

On April 1, 2014, notwithstanding K.W.'s testimony, the jury found Jessee guilty of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of

minors. On April 8, 2014, Jessee filed a motion for judgment of acquittal. Therein, Jessee argued that the jury's verdict was "against the weight and sufficiency of the evidence presented at trial." Motion for Judgment of Acquittal, 4/8/2014, at 2 (unnumbered). On August 22, 2014, the Commonwealth filed a notice of its intent to seek imposition of a ten-year mandatory minimum sentence. *See* 42 Pa.C.S. § 9718(a)(1) (providing that a person convicted of involuntary deviate sexual intercourse when the victim is less than sixteen years of age shall be sentenced to a mandatory ten-year term of imprisonment).

At a sentencing hearing on August 27, 2014, the trial court denied Jessee's motion for judgment of acquittal. Specifically, the trial court reasoned that the jury was free to evaluate both of K.W.'s contradictory narratives, and to determine which one was credible. *See* Notes of Testimony Sentencing ("N.T.S."), 8/27/2014, at 5. The trial court then sentenced Jessee to ten to twenty years' imprisonment for involuntary deviate sexual intercourse, the mandatory minimum sentence prescribed by 42 Pa.C.S. § 9718(a)(1).[2]

On September 10, 2014, Jessee filed a notice of appeal. On that same day, the trial court ordered Jessee to file a concise statement of errors

_____

[2] The trial court also imposed concurrent sentences of six to fourteen months' imprisonment for statutory sexual assault, two to four years' imprisonment for aggravated indecent assault, twelve months' probation for indecent assault, and twelve months' probation for corruption of minors.

- 4 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Jessee timely complied. On November 6, 2014, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Jessee presents one issue for our consideration: "Can a guilty verdict by a jury be sustained when it is based on the perjured testimony of a purported victim?" Brief for Jessee at 4. We construe Jessee's sole issue as a challenge to the weight of the evidence. *See id.* at 8 ("The claim made herein is under a claim of [w]eight of the [e]vidence. . . ."). To the degree that Jessee separately asserts "a denial of Due Process as envisioned in both United States and Pennsylvania law," we find that Jessee has waived this claim by failing to raise it in his concise statement of errors complained of on appeal. *Id.* at 7; *see Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa. Super. 2000) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

When reviewing a trial court's ruling that the verdict was not contrary to the weight of the evidence, we review the trial court's exercise of discretion, rather than the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Smith*, 985 A.2d 886, 888 (Pa. 2009). Because the jury is free to believe all, part, or none of the evidence presented, a new trial should not be granted merely because the judge, on the same facts, would have arrived at a different conclusion. *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000). Instead, "the role of the trial judge is to determine that[,] notwithstanding all the facts,

certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* Hence, the trial court should award a new trial only when the jury's verdict is "so contrary to the evidence as to shock one's sense of justice[,] and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994). In effect, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011).

This does not mean that the trial court's discretion to grant or deny a motion for a new trial based upon a challenge to the weight of the evidence is unrestrained. In describing the limits of a trial court's discretion, our Supreme Court has explained as follows:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 625 A.2d 1181, 1184-85 (Pa. 1993)).

Instantly, the trial court explained its rejection of Jessee's challenge to the weight of the evidence as follows:

- 6 -

> The [c]ourt also finds that the [j]ury's verdict was not against the weight of the evidence. The current state of the law directs that only a *convicted* perjurer is incompetent to testify at trial. The [c]ourt finds this issue to be very difficult because the victim lied either at the preliminary hearing or during trial. While the [c]ourt may have misgivings about the victim's testimony and the Commonwealth's evidence, the [c]ourt must adhere to the established laws of Pennsylvania. The victim was not a *convicted* perjurer. Although she lied on at least one occasion, the [c]ourt finds that the [j]ury was free to believe all, part[,] or none of the victim's testimony at either the preliminary hearing or the trial. As such, the [c]ourt concludes that the [j]ury's verdict did not shock the [c]ourt's sense of justice to warrant a new trial, and it concludes that the [j]ury's verdict was not against the weight of the evidence.

Trial Court Opinion ("T.C.O."), 11/6/2014, at 2 (emphasis in original).

The trial court did not abuse its discretion in ruling that Jessee failed to establish the sort of injustice that would require a new trial. The record is devoid of any indication that the trial court acted in an unreasonable or arbitrary manner. Nor has Jessee alleged that the trial court acted with partiality, prejudice, bias, or ill will. The jury, as the fact-finder, was free to evaluate the victim's testimony and to determine the weight that should be assigned to the evidence. ***Commonwealth v. Johnson***, 668 A.2d 97, 101 (Pa. 1995).

The jury, unlike this Court, was able to observe K.W's demeanor at trial. The jury also was free to compare the specificity of K.W's original account with her imprecise repudiation at trial. Indeed, K.W. testified at trial that she had only had sex with Jessee once or twice, but was unable to recall exactly where or when those events took place. Despite K.W.'s detailed

- 7 -

chronicle of events ten months earlier, she testified at trial that "drugs" adversely affected her memory at the time of Jessee's preliminary hearing. N.T. at 78. Finally, the Commonwealth presented evidence which the jury may have found to be probative of K.W.'s motive to recant her allegations. Specifically, Sergeant Layden testified that K.W. initially stated that she was concerned that Jessee may try to harm their daughter. *Id.* at 91.

In rendering a guilty verdict, the jury clearly indicated that it found the victim's preliminary hearing testimony to be credible and her later renunciation at Jessee's trial to be incredible. The trial court did not abuse its discretion in denying Jessee's motion for judgment of acquittal.

Although we reject the sole issue that Jessee has raised on appeal, our inquiry cannot end there. The trial court sentenced Jessee pursuant to 42 Pa.C.S. § 9718(a)(1), a mandatory minimum sentencing provision which this Court has since declared unconstitutional. **See Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014). Accordingly, Jessee is entitled to a new sentencing hearing.

We begin by noting that a challenge to the legality of a sentence is non-waivable and may be raised by this Court *sua sponte*. **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). We further note that issues pertaining to the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), directly implicate the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 122-25 (Pa. Super. 2014). With this in mind, we

proceed by noting our well-settled standard of review for questions involving the legality of a sentence.

> A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction. ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

***Wolfe***, 106 A.3d at 801-02.

Instantly, Jessee was sentenced pursuant to 42 Pa.C.S. § 9718(a)(1), which provides as follows:

> **(a) Mandatory sentence.—**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
>> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than ten years.
>
> *       *       *
>
> **(c) Proof at sentencing.—**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary

additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718(a)(1).

In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, *supra* at 2163. In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), we discussed the relevant portion of the **Alleyne** Court's rationale:

> **Alleyne** is an extension of the Supreme Court's line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact[-]finding which raises the minimum sentence and that which raises the maximum sentence.

> > It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante*, the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

> > Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory

- 10 -

> minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.
>
> *Alleyne*, [133 S.Ct.] at 2160-61 (internal quotation marks and citations omitted).

*Miller*, 102 A.3d at 994-95 (citations modified).

In light of the constitutional pronouncement in *Alleyne*, we have systematically been declaring unconstitutional Pennsylvania's mandatory minimum sentencing statutes that permit a trial court, rather than a jury, to make the critical factual findings for sentencing. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712.1, which imposes a mandatory minimum sentence for possessing a firearm in close proximity to narcotics, unconstitutional); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (holding 42 Pa.C.S. § 9712, pertaining to mandatory minimum sentencing provisions associated with the commission of certain crimes with a firearm, unconstitutional); *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014) (applying *Alleyne* and recognizing that the mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer pursuant to 18 Pa.C.S. § 7508 are unconstitutional).

In *Wolfe*, *supra*, we considered the constitutionality of section 9718, the statute at issue in the case *sub judice*. There, the appellant was sentenced to a mandatory minimum sentence of ten to twenty years

- 11 -

pursuant to 42 Pa.C.S. § 9718(a)(1), following his conviction for involuntary deviate sexual intercourse with a person less than sixteen years-old. *Id.* at 802. Citing *Alleyne*, *Newman*, and *Valentine*, we held that section 9718 was facially unconstitutional because the elements of the "proof at sentencing" provision required a trial judge, rather than a jury, to make factual findings by a preponderance of the evidence, and not beyond a reasonable doubt. *Wolfe*, 106 A.3d at 805. Because the trial court sentenced Jessee pursuant to the same "proof at sentencing" provision as in *Wolfe*, its application herein was similarly unconstitutional.[3]

In sum, we reject Jessee's contention that the jury's verdict was against the weight of the evidence. We vacate Jessee's judgment of sentence, and we remand this case for resentencing without consideration of the ten-year mandatory minimum sentencing provision.

_____

[3]   Although the additional fact that triggered Jessee's mandatory sentence (*i.e.,* the victim's age being less than sixteen at the time of the offense) is also contained as an element of the offense for which he was convicted, Jessee's sentence was nonetheless illegal. *See Wolfe*, 106 A.3d at 806 ("[A]lthough the jury was required to find that the victim was less than 16 years of age in order to convict Appellant, . . . mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety."). *Wolfe* makes clear that the "proof at sentencing" provision contained in 42 Pa.C.S. § 9718 is not severable from the section's other provisions, and the entire statute is facially void. *Id.*; *see also Commonwealth v. Hopkins*, ___ A.3d.___, 2015 WL 3949099, at *13 (Pa. June 15, 2015) (holding that the "proof at sentencing" provision contained in 18 Pa.C.S. § 6317 (relating to drug crimes committed in school zones) could not be severed without usurping the role of the legislature).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015